■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MORALES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered July 2, 1984, convicting him of burglary in the second degree, grand larceny in the third degree, criminal possession of stolen property in the second degree, and criminal mischief in the fourth degree, after a nonjury trial, and imposing sentence.

Judgment reversed, on the law, and a new trial ordered.

A review of the record indicates that once the defendant refused to plead guilty, his trial counsel, in effect, totally abandoned him.

We initially note that defense counsel apparently persuaded the defendant to consent to a nonjury trial on the basis that the defense rested on "a question of law", to wit, that the People could not prove their case because the complainant would not testify. Thereafter, at trial, defense counsel conceded that if the arresting officers were called to testify, they would state, inter alia, that the defendant was found in a closet in the complainant's house and that "various posses-

sions" belonging to the complainant were found in the backyard of the house. By such concession, the defendant's counsel waived the opportunity to cross-examine the officers. It was further agreed that the prosecution intended to call only the complainant as a witness. Nevertheless, defense counsel, in his opening statement, continued to maintain that the People's attempt to convict the defendant would be insufficient because the complainant would not testify. Of course, this defense was rendered nonexistent once the complainant was called to the stand.

Moreover, there was no reason for defense counsel's failure to object to the complainant's conclusory testimony as to the value of the property allegedly stolen and to otherwise cross-examine the complainant. Finally, defense counsel's summation was inappropriate and inadequate. Specifically, he argued that the complainant had failed to identify the defendant as the same individual who had been arrested in the complainant's home, despite the fact that counsel had previously stipulated that the defendant was the individual so arrested. In addition, defense counsel merely stated "for the record" that the People had failed to establish the intent element of the burglary charge, and he never requested the court to consider any appropriate lesser included offenses.

While the evidence against the defendant was strong, his conviction on all counts of the indictment was not a foregone conclusion. Under the circumstances, we find that the defendant was deprived of the effective assistance of counsel and he is, therefore, entitled to a new trial (see People v Baldi, 54 NY2d 137).

In light of our determination, we need not reach the issues raised with respect to the defendant's sentence. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.